1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,        Case No.  8:22-cv-01718-WLH-ADS

12              Plaintiff,             **JUDGMENT IN FAVOR OF
                                       PLAINTIFF UNITED STATES OF
13    v.                               AMERICA AND ORDER OF SALE**

14    LOUIS VADINO, et al.,

15              Defendants.

16

17

18          The United States of America's motion for summary judgment (Docket No. 43)

19    came before the Court.  The Court, having read and considered the motion and any

20    response to the motion, orders as follows:

21          1.     Judgment is entered in favor of the United States of America.

22          2.     The federal income tax lien for tax year 1999 against Louis Vadino in

23    this case is foreclosed.  The lien attached to the real property located in Lake Forest,

24    California (the subject property, APN 614-421-27), and legally described as follows:

25

26          Lot 27, Tract 8792, County of Orange, State of California, as per map recorded
            in 364, page(s) 38-1, inclusive of miscellaneous maps in the Office of the
27          County Recorder of said county.

28    ///

3.      The property is ordered to be sold as set forth below.

4.      The Internal Revenue Service (IRS) Area Director of the district that includes Orange County or his authorized delegate (such as an IRS Property Appraisal and Liquidation Specialist (PALS)) is authorized to sell the property.

5.      Any party to this proceeding or any person claiming an interest in the property may request by motion that the Court order a private sale of the property pursuant to 28 U.S.C. § 2001(b).  Any such motion shall be filed within 21 days after entry of this judgment and shall set forth with particularity (a) the nature of the moving party's interest in the property, (b) the reasons why the moving party believes that a private sale would be in the best interests of the United States of America and any other claimant involved herein, (c) the names of three proposed appraisers and a short statement of their qualifications, and (d) a proposed order stating the terms and conditions of the private sale.  Any such motion shall comply with this order and the Local Rules.

6.      If no motion is filed pursuant to the preceding paragraph, the IRS Area Director or PALS is ordered to sell the property pursuant to 26 U.S.C. §§ 7402(a) and 7403(c) to collect the unpaid federal tax liabilities as follows:

   a. The PALS shall announce the date and time of the sale.

   b. Notice of the sale shall be published once a week for at least four consecutive weeks prior to the sale in at least one newspaper regularly issued and of general circulation in Orange County, California (such as the Orange County Register). The notice shall describe the property by its street address and legal description and shall contain the terms and conditions of sale as set forth in this order.

   c. The terms and conditions of the sale shall be as follows:

      i.   A minimum bid determined by reference to the current fair market value of the property shall be required.  The minimum bid shall be 75% of the current fair market value as determined

by an appraisal of the property by the PALS.  All payments relating to the property shall be made by money order or by certified or cashier's check.

ii.   The PALS shall set the minimum bid.  If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid.

iii.   At the time of the sale, the successful bidder shall be required to deposit with the PALS by money order or by certified or cashier's check payable to the United States District Court for the Central District of California a deposit equal to twenty percent (20%) of the bidder's total bid immediately upon the property being struck off and awarded to such bidder as the highest and best bidder.

iv.   Within three (3) business days of the date of sale, the successful bidder shall remit the remaining eighty percent (80%) of her total bid by money order or by certified or cashier's check payable to the United States District Court for the Central District of California.

v.   The money order or certified or cashier's check payable to the United States District Court for the Central District of California shall be given by the successful bidder to the PALS, who will deposit the funds with the Clerk of this Court.

vi.   Should the successful bidder fail to comply with the terms of the sale, such bidder shall be liable to the United States for twenty percent (20%) of his bid on the property as a penalty. The Clerk shall distribute the 20% penalty as directed by the

PALS by check made to the "United States Treasury" to be applied toward payment of said penalty. Payment of said penalty shall not be a credit on the judgment of the United States. The property shall again be offered for sale under the terms and conditions of this order for sale or, in the alternative, sold to the second highest bidder.

d. The Clerk of the District Court is directed to accept the proceeds of the sale and deposit it into the Court's registry for distribution pursuant to further direction from the Court.

e. Upon selling the property, the United States of America shall prepare and file with this Court an application to confirm sale and direct distribution of the sale proceeds, which will set forth an accounting and report of the sale of the property. The sale of the property shall be subject to confirmation by this Court. The application to confirm sale and direct distribution of sale proceeds shall be filed within thirty (30) days from the date of the sale. If no objections have been filed in writing with the Clerk of the Court within fifteen (15) days after the application to confirm sale has been filed, the sale will be confirmed by the Court. Upon confirmation of the sale, the Court will direct the IRS to execute and deliver its deed conveying the property to the purchaser. Upon confirmation of the sale, all interests in, liens against, or claims to the property that are held or asserted by all parties to this action will be discharged and extinguished.

7. All persons occupying the property shall vacate the property permanently within 60 days of the date of this order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the property). If any person fails or refuses to vacate the property by the date specified in this order of sale, the PALS is authorized to coordinate with the United States

Marshals Service to take all actions that are reasonably necessary to have those persons ejected or excluded from the property. The United States Marshals Service is authorized and directed to take any and all necessary actions, including but not limited to the use of reasonable force, to enter and remain in the premises, which includes, but is not limited to, the land, buildings, vehicles, and any other structures located thereon, for the purposes of executing this order of sale. The United States Marshals Service is further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere in any way with the execution of this order.  Any personal property remaining on the property 60 days after the date of this order will be deemed forfeited and abandoned, and the PALS is authorized to dispose of any such property in any manner she sees fit, including sale, in which case the sale proceeds are to be applied first to the costs and expenses of sale and the balance shall be paid into the Court for further distribution. This order shall also serve as a Writ of Assistance or Writ of Possession, as appropriate, and no further order from the Court shall be necessary for those purposes.

8.     No later than two business days after Lisa Anderson and Warren Gary Anderson vacate the property pursuant to the deadline set forth in paragraph 7, above, Louis Vadino shall notify counsel for the United States of a forwarding address where he can be reached. Notification shall be made by contacting counsel for the United States at (213) 894-4660.

9.     Until the date that this Court confirms the sale of the property, the IRS, PALS, and their representatives shall have free and full access to the property in order to take any and all necessary actions to preserve and market the property for sale, including, but not limited to, photographing the interior and exterior of the property, examining the property, conducting open houses and other marketing efforts in relation to the property, and retaining a locksmith or other person to change or install locks or other security decides on any part of the property.

///

10.     Until Lisa Anderson and Warren Gary Anderson vacate the property by the deadline set forth in paragraph 7, above, Lisa Anderson, Warren Gary Anderson, and Louis Vadino shall:

   a.  Take all reasonable steps necessary to preserve the property (including all buildings, improvements, fixtures, and appurtenances on the property) in its current condition, including maintaining a fire-and-casualty insurance policy on the property;

   b.  Timely pay all real property taxes, mortgage payments, homeowners association dues (if any), and insurance premiums relating to the property;

   c.  Neither commit waste against the property nor allow or cause anyone else to do so; and

   d.  Neither do anything that tends to reduce the value or marketability of the property nor allow or cause anyone else to do so.

11.     After the Court enters an order confirming that sale of the subject property, the sale proceeds deposited with the Clerk of this Court shall be paid first to the United States for any of costs of sale associated with the property. After the costs of sale are paid, the remaining sale proceeds shall be applied in the order specified below:

   a.  The Orange County Treasurer-Tax Collector; and

   b.  Internal Revenue Service for the unpaid income tax liability of Louis Vadino for tax year 1999.

12.     The remainder of the sale proceeds (if any) shall be paid to Louis Vadino.

13.     Any sale pursuant to this order shall be free and clear of any liens and encumbrances held by any party to this action including: the Orange County Treasurer-Tax Collector; Internal Revenue Service; and Phi Sigma Kappa Aelde.

///

///

6

14.     The Court retains jurisdiction of this action for the purpose of making proper distributions of the proceeds of the sale and resolving any disputes concerning the application to confirm sale and direct distribution of sale proceeds.

**IT IS SO ORDERED.**

Dated:  October 2, 2023

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

7